## Charles W. Lovett, Petitioner &c.

Under *St.* 1809, *c.* 108, § 35, [Revised Stat. *c.* 12, § 112,] a complaint against a private soldier in the militia " for quitting his company without leave of an offi cer," is not insufficient because it does not specify the occasion or purpose of the meeting of the company.

Upon the trial of such complaint, it was proved, that the defendant appeared with the company at the time appointed, but was afterwards absent, without having obtained leave from the commanding officer of the company. It was *held*, that this was sufficient evidence of the commission of the offence ; for no other officer was authorized to give him leave of absence.

The certificate of the appointment of such complainant, as clerk of the company, was signed by the captain after the date of his own discharge from the office of captain, but before it was received by him. It was *held*, that the complainant, notwithstanding this, was duly appointed clerk.

Parol evidence is inadmissible to show any irregularity in the appointment of a sergeant in the militia, in contradiction of his warrant.

Petition for *certiorari*.  The petition set forth, that at a justice's court held before Charles G. Prentiss, Esq., the petitioner was summoned to answer to the complaint of Albert C. Williams, clerk of a company of infantry commanded by Jeremiah Stone, lieutenant : wherein Williams complained, that the petitioner, being duly enrolled in that company and being duly notified to meet with them on September 25, 1833, was guilty of " quitting said company without leave of an officer ; " that the petitioner pleaded not guilty ; that at the trial, it was proved, that the name of the petitioner was borne upon the company roll, that he was duly warned to appear on September 25, 1833, that he did accordingly appear at the time appointed, the purpose of the meeting of the company being for regimental inspection and review, and that after the company had marched into the line of the regiment, the petitioner was missing from the company, without the leave of Stone, the commandant thereof, and did not again parade with the company.  Williams produced at the trial, his warrant, dated September 11, 1833, upon the back of which was indorsed, under the date of September 12, 1833, a certificate that he had been appointed clerk and had taken the oath of office, signed by " Stephen Barton, jun., Captain."

The petition further alleged, that Barton, who was called as witness at the trial, testified, that the adjutant of the regiment

brought to him this warrant in blank but signed by the colonel ; that the witness filled up the warrant himself, but that he never made any return of the name of Williams, a sergeant, to the colonel ; and that he did not know that the colonel was ever informed of the appointment of Williams, as sergeant.

The petition further set forth, that it also appeared at the trial, that previously to September 2, 1833, Barton had made application for his discharge from the office of captain ; that a certificate of his discharge was produced, which was dated September 2, 1833 ; but that it was proved, that such certificate was not received by Barton until after September 12, 1833.

The petition then set forth, that it was thereupon adjudged, that Williams should recover of the petitioner a fine of eight dollars, and the costs.

The proceedings and judgment were alleged to be erroneous and void, for the following reasons :

1. Because the complaint did not specify the occasion or purposes of the meeting of the company.

2. Because the evidence, that the lieutenant in command of the company did not give leave to the petitioner to quit the company, was not sufficient, in the absence of all other evidence, to sustain the allegation in the complaint, that he left without the leave of an officer.

3. Because the complainant was not a duly and legally appointed clerk, qualified to prosecute the complaint.

*Washburn*, for the petitioner, to the point that the complaint, being a criminal proceeding, did not sufficiently set forth the offence, cited *St.* 1809, *c.* 108, § 34, *art.* 22 ; *Dyer* v. *Hunnewell*, 12 Mass. R. 271 ; *Winslow* v. *Anderson*, 4 Mass. R. 376 ; as to the insufficiency of the evidence to prove that the petitioner left the company *without leave of his officer*, *St.* 1809, *c.* 108, § 34, *art.* 16 ; and to the point, that the complainant was not duly qualified to prosecute the complaint, *Burt* v. *Dimmock*, 11 Pick. 355 ; *St.* 1809, *c.* 108, § 34, *art.* 10.

*A. Bigelow*, *contrà*, as to the sufficiency of the complaint, cited *Commonwealth* v. *Smith*, 11 Mass. R. 456.

WILDE J. afterwards drew up the opinion of the Court.

This is a petition for a writ of certiorari, upon a conviction of the petitioner, before a justice of the peace, for neglect of duty as a private soldier in the militia ; and the first error assigned relates to the form of the complaint. It is objected that the complaint does not sufficiently set forth the supposed offence, and that it ought to show the occasion or purpose of calling out the company. It is a sufficient answer to this objection, that the offence is charged in the words of the statute, in the form therein prescribed. It was not the intention of the statute, that an offence should be set out with technical precision ; and to prevent objections of this description, the form of the complaint and the manner in which the offence is to be charged is prescribed.

The second error assigned is, that the evidence was not sufficient to support the charge. By the report of the evidence, it appears that the petitioner's name was borne upon the company's roll ; that he was duly warned, and did appear with the company on the day appointed ; that he marched into the line of the regiment and was afterwards missing, and did not again parade with the company. And it is admitted, in the exception, that he had no leave to depart, from Lieutenant Stone, the commanding officer of the company. This evidence fully proves the charge ; for no officer except the commanding officer of the company, had any authority to give leave of absence. If a senior officer should give any order to that effect, it must be made upon the officer of the company.

The remaining objection is, that the clerk was not duly appointed. This objection also we consider unfounded. Barton, the captain, was authorized to make the appointment of sergeant and clerk, he not having received his discharge until after the time when the appointment was made.

As to the supposed irregularity of the appointment in other respects, that depends upon parol evidence, which is inadmissible to contradict or control the written evidence of the appointment. That being in common form, we can take no notice of the parol evidence ; and we give no opinion, whether it proves any irregularity or not.

*Petition dismissed.*